UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| AVA SUE VERCHER, | § § § | |
| Plaintiff | § § | |
| v. | § § | CIVIL NO. A-19-CV-00508-LY |
| KNIGHT-SWIFT TRASPORTATION HOLDINGS, INC., | § § § § | |
| Defendant | § § | |

# REPORT AND RECOMMENDATION
# OF THE UNITED STATES MAGISTRATE JUDGE

TO:  THE HONORABLE LEE YEAKEL
     UNITED STATES DISTRICT JUDGE

Before this Court is Defendant's Motion to Dismiss for Plaintiff's Failure to State a Claim Against Defendant Knight-Swift Transportation, Inc., filed on June 17, 2019 (Dkt. No. 10). The Plaintiff did not file a response. The District Court referred the above motion to the undersigned Magistrate Judge for Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72 and Rule 1(d) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas ("Local Rules").

## I. BACKGROUND

This case stems from an automobile collision between Ava Sue Vercher ("Vercher") and an employee of Knight-Swift Transportation Holdings, Inc. ("Knight-Swift")[1] on April 5, 2017. Vercher, who is proceeding *pro se*, alleges that the driver of a trucking vehicle owned by Knight-Swift failed to exercise ordinary care in the operation of the vehicle and "ran Plaintiff's vehicle

---

[1] Defendant has notified the Court that Vercher incorrectly identified Knight-Swift Transportation Holdings, Inc. as "Knight-Swift Transportation, Inc." in her Original Petition. Accordingly, the Court **HEREBY SUBSTITUTES** "Knight-Swift Transportation Holdings, Inc." for "Knight-Swift Transportation, Inc." in the style of this case.

off of Interstate 45 Highway" causing her to suffer bodily injuries and emotional distress. Dkt. No. 1-1 at ¶ 11.

Vercher, a Texas resident, originally filed this lawsuit in the 261st Judicial District Court of Travis County, Texas on April 9, 2019 against Knight-Swift, an Arizona corporation, alleging negligence and seeking damages for her past and future medical expenses, pain and suffering, mental anguish, loss of living quarters, loss of earning capacity and exemplary damages. *See Vercher v. Knight-Swift Transp., Inc.*, No. D-1-GN-19-002000 (261st Dist. Ct., Travis County, Tex. April 9, 2019). On May 10, 2019, Knight-Swift removed the case to federal court pursuant to 28 U.S.C. § 1332 on the basis of diversity jurisdiction. Dkt. No. 1.

Knight-Swift has now filed the instant Motion to Dismiss arguing that Vercher's lawsuit should be dismissed under Federal Rules of Civil Procedure 8 and 12(b)(6) because (1) Vercher's negligence claim is barred by the two-year statute of limitations contained in Tex. Civ. Prac. & Rem. Code § 16.003(a), and (2) Vercher fails to allege sufficient facts to state a viable claim for negligence under Texas law. Vercher failed to respond to the Motion to Dismiss.

## II. LEGAL STANDARD

Rule 8(a)(2) of the Federal Rules of Civil Procedure governs the requirements for pleadings that state a claim for relief, requiring that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." The standard for the adequacy of complaints under Rule 8(a)(2) is now a "plausibility" standard found in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and its progeny. Under this standard, "factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 555–56. If a pleading only contains "labels and conclusions" and "a formulaic recitation of the

elements of a cause of action," the pleading does not meet the standards of Rule 8(a)(2). *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

Federal Rule of Civil Procedure 12(b)(6) allows a party to move to dismiss an action for failure to state a claim upon which relief can be granted. In deciding a Rule 12(b)(6) motion to dismiss for failure to state a claim, "[t]he court accepts all well-pleaded facts as true, viewing them in the light most favorable to the [nonmovant]." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (internal quotation marks omitted). The Supreme Court has explained that a complaint must contain sufficient factual matter "to state a claim to relief that is plausible on its face." *Ashcroft*, 556 U.S. at 678 (quoting *Twombly*, 550 at 570). "A claim has facial plausibility when the [nonmovant] pleads factual content that allows the court to draw the reasonable inference that the [movant] is liable for the misconduct alleged." *Id.* The court's review is limited to the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint. *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010).

### III. ANALYSIS

As noted above, Knight-Swift moves to dismiss this lawsuit under Federal Rules of Civil Procedure 8 and 12(b)(6) based on the statute of limitations contained in Tex. Civ. Prac. & Rem. Code § 16.003(a), and for failing to allege sufficient facts to state a viable claim for negligence under Texas law. Knight-Swift filed the Motion to Dismiss on June 17, 2019 and it was served on Vercher by mail. According to the Local Rules, Vercher's response to the Motion was due within 14 days of the Motion's filing, on or before July 5, 2019. *See* Local Court Rule CV-7(e)(2) (responses to dispositive motions due within 14 days of motion's filing); Fed. R. Civ. P. 6(a), (d) (adding three days to response deadline for service by mail). To date, Vercher has not

filed a response to the Motion to Dismiss. Pursuant to Local Rule CV-7(e), if there is no response filed within the time period prescribed by the rules, the court may grant the motion as unopposed. Accordingly, the Court could recommend that the District Court grant the Motion to Dismiss as unopposed under Local Rule CV-7(e). However, in light of the Plaintiff's *pro se* status, the Court will address the merits of the Motion to Dismiss.

Under Texas law, the statute of limitations for a negligence claim is two years. Tex. Civ. Prac. & Rem. Code Ann. § 16.003(a); *Henderson v. Republic of Texas*, 672 F. App'x 383, 384 (5th Cir. 2016). This limitations period begins to run when a wrongful act occurs that causes a legal injury, even if the injury is not immediately discovered and all damages have not yet occurred. *See Provident Life & Acc. Ins. Co. v. Knott*, 128 S.W.3d 211, 221 (Tex. 2003). A plaintiff must both file suit and serve process on the defendant within the limitations period or her claim is time-barred. *Henderson*, 672 F. App'x at 384.

The motor vehicle accident at issue occurred and limitations began to run on April 5, 2017. *See Herrera v. Price ex rel. Price*, 2019 WL 580846, at *3 (Tex. App. Feb. 13, 2019, no pet.) (finding that limitations period began to run on the date of the motor vehicle accident). Accordingly, Vercher was required to file her negligence lawsuit by April 5, 2019. Because Vercher failed to file her lawsuit by April 5, 2019, it is barred by the statute of limitations.

While courts generally give *pro se* litigants an opportunity to amend their pleadings prior to dismissal, the Court is not required to do so when the amendment would be futile. *See Briggs v. Mississippi*, 331 F.3d 499, 508 (5th Cir. 2003); *Martin's Herend Imps., Inc. v. Diamond & Gem Trading U.S. Am. Co.*, 195 F.3d 765, 771 (5th Cir. 1999). Since Vercher's negligence claim is barred by the statute of limitations, permitting her to amend would be futile. *See Williams v. United States*, 2017 WL 2348801, at *2 (N.D. Tex. Apr. 13, 2017) (denying leave to amend

where claims were time-barred under the applicable statute of limitations), *report and recommendation adopted*, 2017 WL 2335616 (N.D. Tex. May 30, 2017); *Wilder v. Ogden Ragland Mortg.*, 2017 WL 1053917, at *3 (N.D. Tex. Feb. 14, 2017) (denying leave to amend when claims were time-barred), *report and recommendation adopted*, 2017 WL 1036738 (N.D. Tex. Mar. 17, 2017). Accordingly, the Court will recommend that the Motion to Dismiss should be granted in this case.[2]

## IV. RECOMMENDATION

The undersigned **RECOMMENDS** that the District Court **GRANT** Defendant Knight-Swift Transportation Holdings, Inc.'s Motion to Dismiss for Plaintiff's Failure to State a Claim Against Defendant Knight-Swift Transportation Holdings, Inc. (Dkt. No. 10) and **DISMISS** Plaintiff's case in its entirety. **IT IS FURTHER ORDERED** that this case be removed from the Magistrate Court's docket and returned to the docket of the Honorable Lee Yeakel.

## V. WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See*

---

[2] Because Vercher's negligence lawsuit is barred by the statute of limitations, the Court need not address Defendant's arguments regarding the lack of sufficient factual allegations to support her negligence claim.

28 U.S.C. § 636(b)(1)(c); *Thomas v. Arn*, 474 U.S. 140, 150–53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428– 29 (5th Cir. 1996) (en banc).

SIGNED this 15th day of July, 2019.

SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE